

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-21-00442-CV

**IN THE INTEREST OF M.K.T.**, a Child

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-PA-02181
Honorable Martha Tanner, Judge Presiding

Opinion by:     Lori I. Valenzuela, Justice

Sitting:     Rebeca C. Martinez, Chief Justice
Irene Rios, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: March 23, 2022

AFFIRMED

Appellant, E.T., appeals from that portion of the trial court's Final Order in Suit Affecting the Parent-Child Relationship (the "SAPCR order"), which establishes possession and access to her daughter, M.K.T. In a single issue, appellant asserts the visitation as ordered is too vague and ambiguous to be enforceable by contempt. We affirm.

### BACKGROUND

On October 28, 2019, the Department of Family and Protective Services (the "Department") filed an Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship. The Department requested, among other things, that

> If conservatorship is awarded under this section, the application of the
> guidelines for possession and access to the child, as set out in §§ 153.311, *et seq.*,

Texas Family Code, would not be in the child's best interest. The parents of the child, as possessory conservators of the child, should have limited access to and possession of the child, under conditions and restrictions prescribed by the Court for the best interests of the child.

The Department also requested that if reunification could not be achieved, then E.T.'s parental rights be terminated.

The case went to trial before the bench on June 23, 2021. Multiple witnesses testified, including the child's parents and the intervenor-foster parents. On September 27, 2021, the trial court signed the SAPCR order in which it (1) appointed intervenors permanent managing conservators, (2) appointed appellant possessory conservator, and (3) ordered that "the conservators shall have possession of the child at times mutually agreed to in advance by the parties, as specified in Attachment A to this order, which is incorporated herein as if set out verbatim in this paragraph." Exhibit A stated appellant, as possessory conservator, "shall have possession and access as follows: . . . Supervised visitation, cost to be paid by possessory conservator, at times mutually agreed to in advance by the parties." On appeal, appellant challenges this portion of the SAPCR order.

## ANALYSIS

Appellant contends the SAPCR order failed to provide clear and unambiguous terms and conditions for visitation. Alternatively, appellant contends the trial court failed to render an appropriate visitation order as required under Texas Family Code section 263.109(a).

"If a managing conservator is appointed, the court may appoint one or more possessory conservators." TEX. FAM. CODE § 153.006(a). "The court shall specify and expressly state in the order the times and conditions for possession of or access to the child, unless a party shows good cause why specific orders would not be in the best interest of the child." *Id.* § 153.006(c). Here, appellant does not argue the trial court lacked good cause to deviate from the standard possession

order. Instead, appellant asserts she is entitled to a possession and access order that can be enforceable by contempt.[1]

"To be enforceable by contempt a judgment must set out the terms for compliance in clear and unambiguous terms." *Ex parte Brister*, 801 S.W.2d 833, 834 (Tex. 1990). "The judgment must also clearly order the party to perform the required acts." *Id.* at 834-35 (concluding contempt order in this case enforced, not the specific requirements of the court, "but the cryptic instructions of a party given with the court's permission but without the certainty of detailed provisions of a decree"). However, the Family Code does not prohibit nonspecific possession and access orders, such as the one at issue here. *See* TEX. FAM. CODE § 153.006(c). Such "[n]onspecific orders issued pursuant to section 153.006(c) can vary, based on the needs of the case, as to the level of specificity provided by the trial court and the amount of discretion left to the parties." *In re J.J.R.S.*, 627 S.W.3d 211, 219 (Tex. 2021). "The terms of an order that . . . imposes restrictions or limitations on a parent's right to possession of or access to a child may not exceed those that are required to protect the best interest of the child." TEX. FAM. CODE § 153.193. A "nonspecific order . . .—an 'as agreed' visitation order—falls on the opposite end of the spectrum from the standard possession order, leaving visitation to the managing conservator's complete discretion." *J.J.R.S.*, 627 S.W.3d at 219.

---

[1] Appellant also contends the trial court was required to state its specific reasons for deviating from the standard possession order. "In all cases in which possession of a child by a parent is contested and the possession of the child varies from the standard possession order, including a possession order for a child under three years of age, *on request by a party*, the court shall state in writing the specific reasons for the variance from the standard order." TEX. FAM. CODE § 153.258(a) (emphasis added). Here, appellant did not request such reasons; therefore, section 153.258 does not apply. Finally, appellant contends the trial court failed to state its reasons for finding visitation was not in M.K.T.'s best interest or the specific steps appellant must take to be allowed to have visitation, as required by Family Code section 263.109. Subsection (b) of section 263.109 states: "If the court finds that visitation between a child and a parent is not in the child's best interest, the court shall render an order that: (1) states the reasons for finding that visitation is not in the child's best interest; and (2) outlines specific steps the parent must take to be allowed to have visitation with the child." TEX. FAM. CODE § 263.109(b). Here, the trial court did not determine visitation was not in M.K.T.'s best interest; therefore, section 263.109 does not apply to this case.

Section 153.006(c) "allows the trial court to issue a nonspecific order regarding a possessory conservator's possession and access when 'good cause' exists, . . . while section 153.193 places an outer limit on the permissible scope of restrictions on a parent possessory conservator's rights: such 'restrictions or limitations on a parent's right to possession of or access to a child may not exceed those that are required to protect the best interest of the child,' . . .." *Id.* at 220. "Thus, in rare cases, a severe restriction or limitation is permissible if it is in the best interest of the child." *Id.* Here, as in *J.J.R.S.*, the visitation order falls into the latter category. By its terms, appellant can have "supervised visitation" with M.K.T. "at times mutually agreed to in advance by the parties." *See id.* ("Mother can obtain access to her children either (a) when she and the managing conservators agree or, if they cannot reach an agreement, (b) when the managing conservators consent to access. In other words, the order restricts and limits Mother's access to her children to supervised visitation at the managing conservators' discretion.").

The *J.J.R.S.* Court held, "Texas Family Code sections 153.006(c) and 153.193, read in conjunction, permit the kind of 'as agreed' order at issue in this case in the narrow circumstance where such a severe restriction is necessary to protect the child's best interest." *Id.* at 221. On appeal, appellant does not argue the evidence is legally or factually insufficient to support a finding that it is in M.K.T.'s best interest to impose a restriction on appellant's access. Therefore, we conclude her argument that the SAPCR order must be more specific is without merit.

Lori I. Valenzuela, Justice

Do not publish